53 A.3d 1208

IN THE MATTER OF BEN W. PAYTON, AN ATTORNEY
AT LAW (ATTORNEY NO. 005651992).

October 17, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–046, DRB 12–080 and DRB 12–092, concluding that **BEN W. PAYTON** of **ELIZABETH,** who was admitted to the bar of this State in 1992, and who has been temporarily suspended from the practice of law since February 28, 2011, should be suspended from the practice of law for a period of three months for his unethical conduct in three matters for his violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b)(failure to communicate with client), and *RPC* 8.1(b)(failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law and that on reinstatement, he should be required to practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **BEN W. PAYTON** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that **BEN W. PAYTON** shall remain suspended from the practice of law unless and until he complies with the determination of the District XII Fee Arbitration Committee in District Docket No. XII–2009–0072F and pays a $500 sanction to the Disciplinary Oversight Committee as ordered by the Court on January 28, 2011; and it is further

ORDERED that prior to reinstatement to practice law, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice as attested to by a qualified health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on restatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondents's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.